UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

KAREN BARRYMAN-TURNER                   )
P.O. Box 314                            )
Dumfries, Virginia  22026-0314          )
                                        )
               Plaintiff,               )
                                        )
v.                                      )          Civil Action No.
                                        )
THE DISTRICT OF COLUMBIA                )
        a municipal corporation         )
441 Fourth Street, NW                   )
Washington, DC 20001                    )
                                        )
    Serve Attorney General              )
    441 4th Street, NW, Room 600S       )
    Washington, DC 20001                )
                                        )
VINCENT C. GRAY, in his                 )
official capacity as Mayor of the       )
District of Columbia                    )
1350 Pennsylvania Avenue                )
Washington, DC 20004                    )
                                        )
    Serve Attorney General              )
    441 4th Street, NW, Room 600S       )
    Washington, DC 20001                )
                                        )
LISA MARIA MALLORY, in her              )
official capacity as Director           )
of the District of Columbia Department  )
of Employment Services                  )
4058 Minnesota Avenue NE                )
Washington, DC  20019                   )
                                        )
    Serve Attorney General              )
    441 4th Street, NW, Room 600S       )
    Washington, DC 20001                )
                                        )
                                        )
               Defendant.               )

************************************************************************

1

COMPLAINT FOR DECLARATORY
RELIEF AND DAMAGES

INTRODUCTION

1.  District of Columbia law requires defendant Lisa Maria Mallory, in  her capacity as

Director, Department of   Employment Services, to provide public sector employees financial

compensation and medical services (hereinafter "disability compensation benefits") when they

are injured in the performance of their duties. Like traditional worker's compensation systems,

the District of Columbia disability compensation program (hereinafter "the program") serves as

the exclusive remedy for injured public sector workers.

2.  D.C. Code § 1-624.24(d) [note all reference to District of Columbia Code Citation are

for the time frame relevant to this complaint], on its face and as applied, permits the defendant to

reduce, suspend or terminate awarded disability compensation benefits upon a "belie[f] [that] a

change of condition has occurred" without affording beneficiaries adequate or timely notice or an

opportunity to demonstrate a continuing entitlement to benefits. The defendants' failure to

provide the plaintiffs or the class they represent adequate pre-termination process violates the

Due Process Clause of the Fifth Amendment to the United States Constitution.

JURISDICTION

3.  This action seeks to redress the deprivation of rights conferred upon the plaintiff by

the United States Constitution and District of Columbia Law. The Court therefore has

jurisdiction under 28 U.S.C. § 1331 as this action presents a federal question, under 28 U.S.C. §§

1343(a)(3) and (a)(4), which provide for original jurisdiction of actions authorized by 42 U.S.C.§

1983, and under 28 U.S.C. § 1367(a), which provides for supplemental jurisdiction over Claim

Six. Venue is appropriate under 28 U.S.C. § 1391(b) as the defendants reside in the District of Columbia and the events giving rise to the claims occurred in the District of Columbia.

PARTY

4.   Plaintiff, Karen Barryman-Turner is a resident of the Commonwealth of Virginia and was employed as a correctional officer with the D.C. Department of Correction.

5.   Defendant District of Columbia (hereinafter the "District") is a municipal corporation subject to 42 U.S.C. § 1983.   Through its designated agency, the Department of Employment Services, the District is required to provide disability compensation benefits to District employees disabled as a result of personal injury sustained in the performance of their duties. D.C. Code §§ 1-624.l, et seq.

6.   Defendant Vincent C. Gray is the Mayor of the District of Columbia and is sued in his official capacity. As Mayor, defendant Gray is responsible for administering the District of Columbia disability compensation program.

7.   Defendant Lisa Maria Mallory is the Director of the Department of Employment Services and is sued in her official capacity.  The Mayor has delegated to the Director the power to administer the disability compensation program. D.C. Code §§ 1-624.40.

HISTORICAL ALLEGATION

8.   The named plaintiff brings this action on behalf of herself, as an individual who has received or will receive disability compensation benefits pursuant to D.C. Code § 1-624.1, et seq. and whose benefits have been terminated, suspended or reduced or whose benefits may be terminated, suspended or reduced in the future.  "Disability compensation benefits" is defined to exclude a scheduled award provided in D.C. Code § 1-624.7 expiring at the end of the statutory term, continuation of pay provided in D.C. Code § 1-624.18(a) expiring at the end of the

statutory term, funeral expenses provided in D.C. Code § 1-624.34, a fully paid lump sum

settlement provided in D.C. Code § 1-624.35, and credited compensation leave provided in D.C.

Code § t. 624.43.

## STATUTORY FRAMEWORK

### Claims for Benefits

9.  With narrow exceptions, the D.C. Disability Compensation Act, D.C. Code § 1-624.1,

et seq. requires the Defendants to pay compensation the District employees whose injury or

death is sustained while in the performance of their duties. D.C. Code § 1-624.2.

10. If disability is total, the Defendants must pay the employee two-thirds of her monthly

pay. D.C. Code § 1-624.5(a).  If disability is partial, the District must pay the employee two-

thirds of the difference between her monthly pay and her monthly wage earning capacity after

the beginning of partial disability. D.C. Code § 1-624.6(a).

11. The defendants must also furnish to employees injured while in the performance of

duties medical services, appliances and supplies prescribed or recommended by qualified

physicians approved by the Mayor or his designee. D.C. Code § 1-624.3.

12. With some exceptions, injured employees must make claims for disability

compensation benefits within three years of the date of their injury if they or a representative

have made written notice within thirty days of injury to their superiors.  D.C. Code § 1-624.22.

13. The Defendants are required to make findings of fact and awards for or against

payment of disability compensation after considering the claim and the supervisor's report, and

conducting an investigation.  D.C. Code § 1-624.24(a).

14. If the claim is denied in whole or in part, Defendants require claimants to file a

written request for reconsideration within thirty days of the date of denial.  On reconsideration, a

claims examiner determines whether the claimant has provided additional, relevant evidence and, if so, whether the denial should be upheld or reversed. No informal meeting or formal hearing occurs at the reconsideration stage of review.

15.   Contrary to Defendants' practice, the Disability Compensation Act does not provide for a reconsideration stage of review: The Act instead allows claimants dissatisfied with the decision following the filing of a claim to request a hearing before a representative of the Mayor. D.C. Code § l-624.24(b). As a matter of standard agency practice, the Defendants permit claimants to request an oral hearing before the Mayor's representative, a hearing officer with the Department of Employment Services, Labor Standards, Hearing and Adjudication Staff, only after the request for reconsideration has been denied in whole or in part.

16.   The Disability Compensation Act does not impose a deadline by which the defendants must convene an oral hearing. Hearings are adversarial in nature. The respondent city agency is represented by the Office of the Attorney General. The defendants are required to issue a written decision within thirty days of the hearing.  D.C. Code § 1-624.24(b).

<u>Modifications of Awards</u>

17.   The Disability Compensation Act permits the defendants to terminate, suspend or modify benefits if "they have reason to believe a change of condition has occurred ".  D.C. Code § l-624.24(d).

18.   Upon such a finding, the Defendants may issue a "Notice of Determination by Examiner" signed by personnel associated with Defendant. This Notice offers beneficiaries the right to file a request for reconsideration within thirty days.

19.   On reconsideration, a claims examiner determines whether the claimant has provided additional, relevant evidence and, if so, whether the termination, suspension or modification

should be upheld or reversed.  No informal meeting or formal hearing occurs at the reconsideration stage of review.

20.  The Disability Compensation Act does not provide for a reconsideration stage of review.  The Act instead allows claimants dissatisfied with the decision to modify benefits to request a hearing before a representative of the Mayor.  D.C. Code §§ 1-624.24(b), (d).

21.  At or about the same time that defendants may issue the "Notice of Determination by Examiner," the Defendants, as a matter of standard agency practice, may also issue a "Final Order of Denial," signed by personnel associated with Defendant and by the Acting Associate Director of  Labor Standards, Department of Employment Services. This Final Order offers beneficiaries a right to appeal to a hearing officer pursuant to D.C. Code § 1-624.24(b).

22.  The "Notice of Determination by Examiner" and "Final Order of Denial," when both are issued, do not reference each other or notify beneficiaries which should be relied upon for an accurate statement of their appeal rights.

23.  Whether the beneficiary is required to seek reconsideration or is permitted to seek a hearing before a hearing officer, the Defendants offer beneficiaries no opportunity to be heard prior to the reduction, suspension or termination of benefits.

24.  The Disability Compensation Act does not impose a deadline by which the Defendants must convene an oral hearing.  Hearings are adversarial in nature.  The respondent city agency is represented by the Office of Attorney General. Following the hearing, the Mayor or his designee must issue a written decision within thirty days. D.C. Code § 1-624.24(d). The claimant or the Attorney General may appeal that final decision within thirty days to the Director of the Department of Employment Services. D.C. Code § 1-624.28(a). A final appeal lies with the D.C. Court of Appeals. Id.

## FACTUAL ALLEGATIONS

25.  Plaintiff was an employee of the D.C. Government, Department of Corrections since October 24, 1988.

26.  On March 3, 1996, the Plaintiff was injured in the course of her employment when she was struck on the head and knocked unconscious.

27.  Plaintiff was denied full compensation benefits and after a hearing before Robert R. Middleton, Hearing and Appeals Examiner, she was awarded benefits from March 3, 1996 to May 16, 1998. [OHA No. PBL 98-18, OBA No. 363307, February 3, 1999]

28.  On May 31, 1998 the Plaintiff was re-injured, denied benefits and after a hearing before Robert R. Middleton, Hearing and Appeals Examiner, she was awarded benefits from May 31, 1998 to August 31, 2000 and continuing. [OHA No. PBL 98-18A, OBA No. 2349]

29.  On April 15, 2003, the Plaintiff's benefits was terminated effective May 17, 2003.

30.  All of the procedural allegations were present for each of the three events.

## CLAIMS

## CLAIM ONE

31.  Plaintiff incorporates the allegations set forth in paragraphs 1 through 30 as if they were fully repeated here.

32.  D.C. Code § l-624.24(d) on its face permits the Defendants to modify, suspend or terminate disability compensation benefits upon "reason to believe a change of condition has occurred" without affording beneficiaries adequate and timely notice and opportunity to be heard in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

33.  Plaintiffs seek to enforce the requirements and protection of the Due Process Clause pursuant to 42 U.S.C. § 1983.

## CLAIM TWO

34.  Plaintiff incorporates the allegations set forth in paragraphs 1 through 33 as if they were fully repeated here.

35.  As D.C. Code § 1-624.24(d) is applied, Defendants modify, suspend or terminate disability compensation benefits upon "reason to believe a change of condition has occurred" without affording beneficiaries adequate and timely notice and opportunity to be heard in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

36.  Plaintiffs seek to enforce the requirements and protection of the Due Process Clause pursuant to 42 U.S.C. § 1983.

## CLAIM THREE

37.  Plaintiff incorporates the allegations set forth in paragraphs 1 through 36 as if they were fully repeated here.

38.  As a matter of standard agency practice, the notices of termination, suspension or modification issued by Defendants violate the Due Process Clause of the Fifth Amendment to the United States Constitution in that they inadequately and inaccurately advise beneficiaries of their right to appeal adverse decisions.

39.  Plaintiffs seek to enforce the requirements and protection of the Due Process Clause pursuant to 42 U.S.C. § 1983.

## CLAIM FOUR

40.  Plaintiff incorporates the allegations set forth in paragraphs 1 through 39 as if they were fully repeated here.

41.  As a matter of standard agency practice, the notices of termination, suspension or reduction issued by Defendants violate the Due Process Clause of the Fifth Amendment to the

United States Constitution in that they provide an insufficient and inadequate rationale for the decision made.

42.  Plaintiffs seek to enforce the requirements and protection of the Due Process Clause pursuant to 42 U.S.C. § 1983.

## CLAIM FIVE

43.  Plaintiff incorporates the allegations set forth in paragraphs 1 through 42 as if they were fully repeated here.

44.  As a matter of standard agency practice, the Defendants fail to engage in reasoned decision making based upon review of a full record of evidence when terminating, suspending or reducing benefits in violation of the Due Process Class of the Fifth Amendment of the United States   Constitution.

45.  Plaintiffs seek to enforce the requirements of the Due Process Clause pursuant to 42 U.S.C. § 1983.

## CLAIM SIX

46.  Plaintiff incorporates the allegations set forth in paragraphs l through 45 as if they were fully repeated here.

47.  Defendants violate D.C. Code §§ l-624.24(b), (d) when they require beneficiaries to seek reconsideration of orders of reduction, suspension or termination prior to allowing them to request a hearing before a hearing officer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1.  Declare that the defendants have violated the following constitutional and statutory provisions:

(a) The Fifth Amendment of the U.S. Constitution by suspending, terminating or reducing disability compensation benefits without providing injured workers timely and adequate notice of an opportunity to be heard;

(b) The Fifth Amendment of the U.S. Constitution by suspending, terminating or reducing disability compensation benefits without adequately or accurately informing beneficiaries of their right to appeal adverse decisions;

(c) The Fifth Amendment of the U.S. Constitution by suspending, terminating or reducing disability compensation benefits without providing a sufficient or adequate rationale for the decision made;

(d) The Fifth Amendment of the U.S. Constitution by suspending, terminating or reducing disability compensation benefits without engaging in reasoned decision making based upon review of a full record of evidence;

(e) D.C. Code §§ l-624.24(b), (d) when they require beneficiaries to request written reconsideration of the order reducing, suspending, or terminating benefits.

2.   Preliminarily and permanently enjoining Defendants  from denying benefits and to provide retroactive and prospective benefits to the Plaintiff whose disability compensation benefits were terminated in violation of the Fifth Amendment until such time as Defendants may afford them constitutionally adequate pre-modification process;

3.   An Order requiring Defendants to reimburse Plaintiff for expenses incurred by her to obtain health care and other services as a result of Defendants' violations of law;

4.   An Order directing Defendants to pay any and all benefits retroactive and prospective.

5.   An award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b) and costs;

6.   Such other relief as may be deemed proper by the Court.

Respectfully submitted,


_____/ss/_____
William J. Howard, Esquire
D.C. Bar No. 45559
Howard and Marcus
4316 Hamilton Street
Hyattsville, Maryland 20781
Telephone (301) 864-6700